IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00060-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

EDWARD MEDINA,

      Defendant.
_____

**UNOPPOSED MOTION TO EXCLUDE SIXTY DAYS FROM SPEEDY TRIAL ACT**
_____

      Edward Medina, by and through undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 60-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline.  As grounds for this motion, Mr. Medina states the following:

      1.  Mr. Medina entered his Not Guilty plea at his arraignment on February 24, 2022. Following the arraignment hearing the Court scheduled his trial within the 70-day speedy trial window. Mr. Medina's jury trial is scheduled to begin on May 2, 2022.

      2.  Mr. Medina needs additional time to review the discovery for his case with his attorney, which includes almost 500 pages of reports and records and over 100 video recordings. Mr. Medina cannot engage in an informed and meaningful discussion with his attorney about how to proceed in this case without first gaining an understanding of the evidence against him. Mr. Medina requires more time to review the government's evidence, investigate the allegations made in this case, request records that may be

1

relevant to investigation, engage in plea discussions with the government, and prepare for trial, if necessary.

3. Additionally, Mr. Medina lives in Monte Vista, which is approximately four and a half hours away from defense counsel's office and therefore difficult to arrange in-person meetings. Mr. Medina has maintained good contact with his lawyer, but he is very poor and does not have his own phone. Counsel must therefore schedule telephone meetings with Mr. Medina through his family members, which requires additional time. Despite Mr. Medina's diligence in maintaining communication with his attorney, the physical distance between Mr. Medina and his counsel and Mr. Medina's significant poverty impact the time needed to prepare this case for a resolution or trial.

4. The current 70-day Speedy Trial Act date is May 5, 2022.  As of the filing of this motion, a total of twenty-one (21) days have run on the Speedy Trial Act clock – from February 24, 2022 through March 17, 2022. Thus, a total of forty-nine (49) days remain on the Speedy Trial Act's 70-day clock.

5. In order to effectively represent Mr. Medina, defense counsel believes it is necessary to continue the currently set dates in this case.

6. Specifically, Mr. Medina requests a 60-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline. With an exclusion of 60 days, coupled with the 49 days remaining on the Speedy Trial Act's clock at the time this motion is filed, the Speedy Trial Act's deadline for trial would be extended by 109 days.

7. Among the factors applicable here, which the Court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

    a. Whether the failure to grant the continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Given the need to delay the motions deadline in order to afford defense counsel sufficient time to thoroughly review the discovery and discuss it with her client, as well as conduct defense investigation and pursue further negotiation, Mr. Medina asserts that maintaining the current dates and deadlines would result in a miscarriage of justice.

8. In support of this motion Mr. Medina addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In *West* the Tenth Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

9. Applying the *West* factors Mr. Medina states as follows:

    a. Counsel has exercised diligence. Counsel has met with Mr. Medina, begun reviewing the discovery, and communicated with

3

the government about the case. But despite the diligent efforts that have already gone into Mr. Medina's case, additional time will be required to effectively represent him in these proceedings, including at trial, if trial is necessary, or to help him knowingly and intelligently decide to enter into a plea agreement.

b. The government does not object to the defense request of a continuance of the trial or pretrial motions deadline and there is no information suggesting that any government witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.

c. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. Without the exclusion of a period of time from the speedy trial calculations, Mr. Medina's right to be fairly and effectively represented in these proceedings will be denied due to defense counsel's inability to obtain and thoroughly review complete discovery for his case, advise him on the likelihood of success or failure at trial or pretrial motions, and meaningfully engage in informed plea negotiations with the government.

10. Undersigned counsel believes the ends of justice are best served by the granting of a continuance and such interest outweighs the best interests of the public and Mr. Medina's in a speedy trial.

WHEREFORE, Mr. Medina requests that (A) this unopposed motion be granted, (B) the Court enter an order extending the pretrial motions deadline, (C) the Court enter an order excluding 60 days in the computation of time within which the trial in this case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et. al, and (D) the trial should be continued to a day within 109 days of the filing of this motion.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender

    s/Kilie Latendresse
    KILIE LATENDRESSE
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    kilie.latendresse@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO EXCLUDE SIXTY DAYS FROM SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Albert Buchman, Assistant United States Attorney
Al.buchman@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Edward Medina (U.S. Mail)


        s/Kilie Latendresse
        KILIE LATENDRESSE
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        kilie.latendresse@fd.org
        Attorney for Defendant