IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 2022-cr-60-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

EDWARD MEDINA,

       Defendant.

_____

**UNOPPOSED SECOND MOTION TO EXCLUDE TIME FROM SPEEDY TRIAL ACT**

_____

      Edward Medina, by and through undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 30-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline.  As grounds for this motion, Mr. Medina states the following:

      1.  Mr. Medina entered his Not Guilty plea at his arraignment on February 24, 2022.

      2.  On March 17, 2022, Mr. Medina filed an "Unopposed Motion to Exclude Sixty Days from Speedy Trial Act" (ECF 14), which the Court granted on March 22, 2022 (ECF 15).

      3.  Mr. Medina needs additional time to consult with undersigned counsel about the evidence in his case, potential suppression issues, and the possible outcomes if convicted as the result of a guilty plea or after a trial. Mr. Medina has had very limited

1

prior contacts with the criminal justice system and struggles to understand his rights, his options, and the potential consequences if convicted. Mr. Medina has maintained good contact with undersigned counsel by calling regularly to check in, but he does not have his own phone and counsel is not always available when he calls. Mr. Medina's limited access to a phone, which is primarily due to severe poverty, impacts the time needed to prepare this case for a resolution or trial.

4.   At the time of his first Motion to Exclude, 49 days remained in the original 70-day period. The "Order Granting Defendant's Unopposed Motion to Exclude Sixty Days From Speedy Trial Act" extended the deadline to July 1, 2022.  An exclusion of an additional 30 days would move the 70-day date to July 31, 2022.

5.   In order to effectively represent Mr. Medina, defense counsel believes it is necessary to continue the currently set dates in this case.

6.   Specifically, Mr. Medina requests a 30-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline.

7.   Among the factors applicable here, which the Court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

> a.  Whether the failure to grant the continuance would result in a miscarriage of justice.  *See* 18 U.S.C. § 3161(h)(7)(B)(i).  Given the need to delay the motions deadline in order to afford defense counsel sufficient time to thoroughly review the discovery and discuss it with her client, as well as conduct defense investigation and pursue further negotiation, Mr.

Medina asserts that maintaining the current dates and deadlines would result in a miscarriage of justice.

8.  In support of this motion Mr. Medina addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).  This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In *West* the Tenth Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable.  These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

9.  Applying the *West* factors Mr. Medina states as follows:

a.  Counsel has exercised diligence. Counsel has met with Mr. Medina multiple times by phone, reviewed discovery, and communicated with the government about the case. But despite the diligent efforts that have already gone into Mr. Medina's case, additional time will be required to effectively represent him in these proceedings, including at trial, if trial is necessary, or to help him knowingly and intelligently decide to enter into a plea agreement.

3

b.  The government does not object to the defense request of a
continuance of the trial or pretrial motions deadline and there is
no information suggesting that any government witnesses would
be inconvenienced. Counsel does not presume in any given
instance that the Court would or would not be inconvenienced
by a requested continuance.

c.  The final *West* factor is the need asserted for the continuance
and the harm that the defendant might suffer as a result of a
denial. Without the exclusion of a period of time from the speedy
trial calculations, Mr. Medina's right to be fairly and effectively
represented in these proceedings will be denied due to defense
counsel's inability to obtain and thoroughly review complete
discovery for his case, advise him on the likelihood of success
or failure at trial or pretrial motions, and meaningfully engage in
informed plea negotiations with the government.

10. Undersigned counsel believes the ends of justice are best served by the
granting of a continuance and such interest outweighs the best interests of the public
and Mr. Medina's in a speedy trial.

WHEREFORE, Mr. Medina requests that (A) this unopposed motion be granted,
(B) the Court enter an order extending the pretrial motions deadline, and (C) the Court

4

enter an order excluding 30 days in the computation of time within which the trial in this

case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et. al.


Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Albert Buchman, Assistant United States Attorney
Al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Edward Medina (U.S. Mail)

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant
