IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00060-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    EDWARD ANTHONY MEDINA,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Edward Anthony Medina, personally and by counsel, Kilie Latendresse, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

#### A. Defendant's Plea of Guilty:

The defendant agrees to

(1)    plead guilty to the sole count of the Indictment charging a violation of 18 U.S.C. § 2115, Burglary of a United States Post Office;

(2)    waive certain appellate and collateral attack rights, as explained in detail below.

Court Exhibit

1

(3) be liable for restitution to the United States Postal Service in the amount of but not limited to $702.91.

## B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees to recommend a sentence of probation. The parties understand that this agreement is not binding on the Court and that the defendant will not be allowed to withdraw his plea if the Court does not accept the government's recommended sentence

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 2115

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 10 or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria

apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to

consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.  ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Burglary of a United States Post Office are as follows:

### Count One:  18 U.S.C. § 2115

*First*: the Defendant forcibly broke into or attempted to break into a post office or other building used in whole or in part as a post office;

*Second*: with the intent to commit larceny or depredation therein.

## III.  STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of the sole count of the Indictment is: not more than five years of imprisonment; not more than a $250,000 fine; or both; not more than three years of supervised release; and a $100 mandatory victim's fund assessment fee.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set

forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

In the early morning of December 19, 2021, the defendant knowingly broke into the Monte Vista Post Office, a United States Post Office located at 150 Washington St., Monte Vista City, Colorado 81144, by prying open the door between the main lobby and entering the mail room. His intention in entering that post office was to commit larceny.

Once inside the mail room at the Monte Vista Post Office, the defendant accessed a walk-in safe by breaking the handle and dial. Inside the walk-in safe were two internal safes. The defendant broke the handle and accessed one internal safe but did not take anything. The defendant also accessed the other internal safe and took $702.91 in cash belonging to the United States Postal Service.

The defendant left distinctive footprints in the post office during the commission of the above burglary, which matched boots later seized by the Monte Vista Police Department. The defendant also admitted to committing the above burglary to Monte Vista Police on December 26, 2021, and also to Postal Inspectors on February 23, 2022.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range

computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. Although the government is obligated to make the sentencing recommendation tied to an offense level of 10, as set forth in the Agreement section above, the parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Under USSG § 2B2.1(b), the base offense level is **12**.

b) <u>Specific Offense Characteristics:</u> None.

c) <u>Adjustments</u>: There are no victim-related, role-in-offense, obstruction, and/or multiple count adjustments. The adjusted offense level is therefore **12**.

<u>Acceptance of responsibility</u>: The defendant should receive a 2-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting total offense level is **10**.

d) <u>Criminal history category</u>: The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **I**.

e) Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

f) <u>The advisory guideline range</u> resulting from these calculations is **6-**

        **12 months** of imprisonment. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **6 months** (bottom of Category I) **30 months** (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

g)    Pursuant to Section 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $4000 to $40,000 plus applicable interest and penalties.

h)    Pursuant to Section 5D1.2, if the Court imposes a term of supervised release, that term at least one year, but not more than three years.

i)    Pursuant to Section 5E1.1(a)(1), the Court shall impose a restitution order for the full amount of the victim's loss under 18 U.S.C. § 3663A(c)(1)(A)(ii).

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 7-12-2022

_____
Edward Medina
Defendant

Date: 7/12/22

_____
Kilie Latendresse
Attorney for Defendant

Date: 6/14/2022

s/ Albert Buchman
Albert Buchman
Assistant U.S. Attorney